NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 2 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NITHYA VINAYAGAM,

              Plaintiff-Appellant,

   v.

ANDREW F. PIERCE; PIERCE SHEARER LLP; SCOTT M. BERMAN; THOMAS MIHILL; JACQUETTA LANNAN; PAUL M. HELLER; HELLER IMMIGRATION LAW GROUP; ADAMS LAW OFFICES,

              Defendants-Appellees.

No. 23-15307

D.C. No. 3:22-cv-05281-TLT

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Trina L. Thompson, District Judge, Presiding

Submitted March 26, 2024**

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

    Nithya Vinayagam appeals pro se from the district court's judgment

dismissing her action alleging various federal and state law claims arising out of

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prior litigation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

a dismissal on the applicable statute of limitations and under Federal Rule of Civil

Procedure 12(b)(6).  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir.

2004).  We affirm.

The district court properly dismissed Vinayagam's action as time-barred

because Vinayagam failed to file her action within the applicable statutes of

limitations or establish any basis for tolling.  *See* Cal. Civ. Proc. Code § 338(d)

(three-year statute of limitations for fraud claims); *id.* § 340.6(a) (providing that

legal malpractice claims must be brought within one year after the plaintiff

discovers, or should have discovered through reasonable diligence, the wrongful

act or omission, or four years from the date of the wrongful act or omission, and

setting forth grounds for tolling); Cal. Bus. & Prof. Code § 17208 (four-year

statute of limitations for violations of Cal. Bus. & Prof. Code § 17200); *Rotella v.

Wood*, 528 U.S. 549, 553, 555-56 (2000) (explaining that a four-year statute of

limitations applies to a civil RICO claim and discussing the discovery rule); *Platt

Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054-55 (9th Cir. 2008)

(discussing discovery rule and principle of fraudulent concealment).

**AFFIRMED.**